JAMES B. DINGLEY, and others, *vs.* CHARLES GIFFORD.

Kennebec.    Opinion April 1, 1895.

*Set-off. Judgment. Merger. Evidence.*

When the defendant in an action by the assignee of an over-due note claims that items of his account against the assignor should be allowed upon the the note, the plaintiff may show that the items were originally appropriated to or allowed upon some other claim of the assignor.

The fact that the assignor's other claim has been merged in a judgment does not preclude the assignee of the note from showing that the defendant's account against the assignor was appropriated to or allowed upon the claim thus merged.

ON EXCEPTIONS.

The plaintiffs having obtained a verdict upon the note in suit, in the Superior Court, for Kennebec county, the defendant took exceptions.

The case is stated in the opinion.

*A. C. Stilphen,* for plaintiffs.

*A. M. Spear* and *C. L. Andrews,* for defendant.

The plaintiffs can claim no rights superior to those of Burnham. If Burnham is estopped, they are estopped.

Defendant claims that Burnham is estopped, since the identical claim upon which Burnham was permitted to offer testimony had been merged in the judgment. This judgment, as the case shows was general; therefore, swallowed up every item in Burnham's account, that is, every item lost its identity.

Judgment is conclusive upon all matters in issue, by which is meant, that matter upon which plaintiff proceeds by his action and which the defendant controverts by his pleadings. Freeman Judg. p. 222, ch. 257; *King* v. *Chase,* 15 N. H. 9, 14; 2 Whart. Ev. c. 759.

The judgment cannot be impeached, directly, indirectly or collaterally. While it remains unreversed it is conclusive. *Blodgett* v. *Dow,* 81 Maine, p. 197.

When it appears by the pleadings that the subject matter in controversy was directly and necessarily in issue, in the action and general judgment either on a general verdict of the jury, or a general award of referees, while it stands unreversed, is a bar to the action for the same cause. The parties are estopped by it. *Blodgett* v. *Dow, supra.*

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

EMERY, J. Arthur M. Burnham had an account against Charles Gifford, amounting to $2145. He also held Gifford's over-due promissory note for $200. Gifford, in turn, had an account against Burnham amounting to $1085.50. Burnham assigned his account against Gifford to M. S. Holway, who brought suit upon it and took judgment for the sum of $142.51. Burnham assigned the over-due note to R. T. Burnham, and the latter assigned it to Dingley & Co., the plaintiffs, who have

brought this suit upon the note against Gifford, the maker. The defendant, Gifford, has filed in set-off against this over-due note his account of $1085.50 against Burnham, the original payee, as by law he can.

The question presented by the defendant's bill of exceptions, is whether the plaintiffs in this suit upon the note can lawfully avoid all or any part of Gifford's account against Burnham, (filed in set-off) by showing that all or any of the items in the account were furnished by Gifford to Burnham in payment *pro tanto* of Burnham's larger account against Gifford, which had been sued by Holway.

The case does not show how a judgment for only $142.51 came to be rendered on an account for $2145, whether by evidence of payments, or by the allowance of items in set-off, or in any other way. The defendant, Gifford, claims that this is all immaterial, that however it was reduced, the account of Burnham against him was merged in the judgment, and was thereby extinguished, leaving his own account against Burnham in full force and unaffected by Burnham's account against him. It may be conceded for the purpose of the argument, that Burnham's account against Gifford was so far extinguished by the judgment, that no item in it would sustain a suit against Gifford, or sustain a plea of set-off in a suit by Gifford; but this concession does not conclude the plaintiff in this suit, which is not upon Burnham's account, but is upon a note not included in the judgment invoked.

In this suit upon the note, the defendant, Gifford, in support of his plea of set-off, was bound to show that some of the items of his account were, at the time of the suit, subsisting, unsatisfied items of charge against Burnham, which should now be applied in reduction or payment of the note. The plaintiffs, on the other hand, were entitled to rebut this evidence, and show that these items had already been satisfied in some way, or had already been applied by Gifford to reduce some other claim of Burnham against him. They undertook and were permitted to show that the items of set-off against their note had been furnished by Gifford to Burnham in payment and reduction of

Burnham's account against him, and hence could not be again used to reduce the note. The ruling admitting such evidence and giving it the effect stated was clearly right. The judgment in the suit on the account does not exclude an inquiry into the merits of the set-off against the note.

*Exceptions overruled.*